UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

*FILED*
*98 MAR 30  AM 10: 32*
*U.S. DIS...*
*N.D. OF AL    COURT*
*'AMA*

CHARLES LEWIS,                        )
    Plaintiff;                        )
                                      )
-vs.-                                 )          No. CV-97-P-3134-S
                                      )
DRUMMOND COAL COMPANY, INC., )
    Defendant.                        )

**ENTERED**

**MAR 3 i 1998**

## OPINION

The Defendant's Motion to Dismiss was considered at a prior motion docket. For the reasons expressed below, this motion is due to be granted.

### Facts[1]

Plaintiff Charles Lewis was a member of the United Mine Workers of America and was employed as a mine worker by the Mulga Coal Company until his lay-off in 1983. In 1987 a Memorandum of Understanding ("MOU") was entered whereby Mulga seniority was to be considered as Drummond seniority for purposes of calculating contractual benefits for former Mulga employees called to work at Drummond. In 1995, a subsequent MOU was signed that changed the treatment of Mulga seniority at Drummond. The 1995 MOU provided that Mulga seniority would not be considered Drummond seniority for the purpose of certain contractual benefits. In May of 1995, the plaintiff received a letter from Drummond which describes certain provisions of 1995 agreement. Specifically, the May 1995 letter described the purposes for which Mulga seniority would be recognized as Drummond seniority, but neglected to inform the plaintiff

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

of the fact that the 1995 MOA would not give credit for Mulga Seniority for the purposes of Article XVII. Plaintiff alleges that he relied on this representation or suppression in making the decision to return to work in 1995. The plaintiff filed this case alleging state law claims of fraud and suppression.

Analysis

This case is due to be dismissed because the claims are preempted by the Labor Management Relations Act (LMRA) and the National Labor Relations Act (NLRA). 29 U.S.C. § 141 *et seq.*

Section 301 of the LMRA has been held to be the preemptive and exclusive remedy for any aggrieved person whose state-law claim is substantially dependent upon the analysis of the terms of an agreement made between parties to a labor contract. 29 U.S.C. § 185. Such claims must be treated as a §301 claim or dismissed as preempted by federal labor-contract law. *Allis-Chalmers Corp. v. Lubeck*, 471 U.S. 202 (1985). The Plaintiff's allegation that the May 1995 letter fraudulently misrepresented or suppressed material facts regarding seniority rights that were created by or contained in the 1995 MOA can only be resolved by reference to and analysis of the 1995 MOA. Because these state-law claims are inextricably intertwined with the substantive content of the MOA, the Plaintiff's claims are preempted by §301. See, *Darden v. United States Steel Corp.*, 830 F.2d 1116 (11th Cir. 1987); *Adkins v. General Motors Corp.*, 946 F. 2d 1201 (6th Cir. 1991). Even if the Plaintiff's claims are construed to be claims for relief under § 301, they would be due to be dismissed as untimely under the NLRA's six month statute of limitations. *DelCostello v. Teamsters*, 462 U.S. 151 (1983); *Erskines v. United Steel Workers Of America, AFL-CIO*, 723 F.2d 837, 839 (11th Cir. 1984), *cert. denied,* 467 U.S. 1243 (1984). Mr. Lewis

2

claims that he discovered the alleged fraud on November 1, 1995 and filed his lawsuit almost two years later on October 30, 1997.

The Plaintiff's claims are also due to be dismissed because they are preempted by the National Labor Relations Act. The NLRA preempts state law claims that are related to any activity that is arguably protected or prohibited by the NLRA. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959); *Parker v. Conors Steel Co.*, 855 F.2d 1510 (11th Cir. 1988), cert. denied, 490 U.S. 1066 (1989). Section 7 of the NLRA prohibits employers from bargaining in bad faith regarding the terms and conditions of employment, 29 U.S.C. §§ 158(a)(1) and (d). The Plaintiff's fraud claim is in essence an allegation that Drummond bargained in bad faith by failing to reveal material terms and conditions of prospective employment. Because this claim could have been brought as an unfair labor practice under the NLRA, these state law allegations are preempted. See, *Parker*, 855 F.2d at 1516-17.

Conclusion

Because the Plaintiff's claims are preempted by federal labor statutes that are his exclusive remedy, the Defendant's Motion to Dismiss is due to be granted. Accordingly, the Plaintiff's case will be dismissed with prejudice.

Dated: March 27, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
James C. Pennington
David L. Warren, Jr.
Dennis G. Pantazis
Brian M. Clark

3